**Kelly A. FISHER, as Personal Representative of the Estate of John D. Fisher, Appellant,**

**v.**

**Janice L. GIDDENS and Carol J. Foland, as Personal Representatives of the Estate of Robert P. Fisher, Appellees.**

No. 48A02–1002–EU–197.

Court of Appeals of Indiana.

Oct. 21, 2010.

David W. Stone IV, Stephen W. Schuyler, Anderson, IN, Attorneys for Appellant.

Thomas M. Beeman, Anderson, IN, Attorney for Appellees.

## OPINION

GARRARD, Senior Judge.

### STATEMENT OF THE CASE

Appellant, the personal representative of the estate of John D. Fisher ("John's Estate"), appeals the trial court's entry of judgment in favor of Appellees, the personal representatives of the estate of Robert P. Fisher ("Robert's Estate").

### ISSUE

John's Estate presents one issue for our review which we restate as: whether the refund of the premium paid for an annuity, which Robert Fisher purchased in the name of the family limited partnership and later re-titled in his name, is the property

of the family limited partnership. We hold that it is and reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In December 2002, Robert Fisher formed a family limited partnership with himself and his wife, Evelyn, as general partners. As general partners, they each owned 1% of the limited partnership. The limited partners of the family limited partnership are Carol Foland, Arthur Fite, John Fisher, and Janice Giddens, each owning 24.5% of the limited partnership.

In December 2005, Robert purchased an annuity in the name of the family limited partnership. Robert's goal was for the annuity to have tax deferred status, but he later discovered that by placing the annuity in the name of the limited partnership, it lost its tax deferred status. In April 2008, the annuity was re-titled in Robert's name. One year later, the annuity company, at Robert's request, rescinded the annuity because it did not meet Robert's objective of tax deferred status. On April 13, 2009, Robert executed the documents for the rescission of the annuity, and, on April 23, 2009, Robert passed away. Evelyn had pre-deceased Robert.

Janice Giddens and Carol Foland are limited partners in the family limited partnership, and they are also the beneficiaries and personal representatives of Robert's Estate. The remaining limited partners are John Fisher and Arthur Fite. John is deceased, and his estate is involved in the instant litigation. Arthur is not a party to this appeal.

In June 2009, the annuity company issued a refund check to Robert's Estate for the annuity premium in the amount of $527,829.30. In October 2009, Janice and Carol, as the personal representatives of Robert's estate, petitioned the probate court for instructions as to the legal owner of the annuity premium refund. Following

a hearing on the matter, the probate court determined that "the proceeds in question were in the decedent's name at the date of death and should be distributed in his estate." Appellant's Appendix at 4. John's Estate now appeals the decision of the probate court.

## DISCUSSION AND DECISION

■ The parties stipulated to the probate court that the facts are undisputed and that this case contains only a question of law. We review *de novo* all questions of law presented on appeal. *Burk v. Heritage Food Service Equipment, Inc.,* 737 N.E.2d 803, 811 (Ind.Ct.App.2000).

■ In this appeal, John's Estate contends that the probate court erred in determining that the refund of the annuity premium is property of Robert's Estate. John's Estate argues that the refund is partnership property.

The Indiana Revised Uniform Limited Partnership Act (IRULPA) does not contain a definition of the term "partnership property." However, the definition of that term is contained in the Indiana Uniform Partnership Act (IUPA) and is made applicable to IRULPA by Indiana Code section 23–16–12–3, which provides: "In any case not provided for in this article, the provisions of IC 23–4–1 govern." Thus, we look to IUPA for the definition of the term. Indiana Code section 23–4–1–8 defines "partnership property" as:

(1) All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property.

(2) Unless the contrary intention appears, property acquired with partnership funds is partnership property.

(3) Any estate in real property may be acquired in the partnership name. Title

so acquired can be conveyed only in the partnership name.

(4) A conveyance to a partnership in the partnership name, though without words of inheritance, passes the entire estate of the grantor unless a contrary intent appears.

Here, Robert purchased the annuity on December 28, 2005, in the name of the limited partnership. Pursuant to Indiana Code section 23–4–1–8(1), when Robert purchased the annuity in the name of the limited partnership, the annuity became partnership property.

The parties agree that, in purchasing the annuity and placing it in the name of the limited partnership, Robert believed the annuity would obtain tax deferred status. However, he later discovered that this was not the case. Based upon this information, Robert re-titled the annuity in his name in 2008. Pursuant to Section 4.4(e) of the limited partnership agreement:

> The General Partner shall have the authority to exercise the powers reasonably necessary in order to pursue the Partnership's purposes including, but not limited to, the following:

> \*   \*   \*   \*   \*   \*

> e. To place record title to, or the right to use, Partnership assets in the name of a General Partner or the name of a nominee for any purpose convenient or beneficial to the Partnership.

Appellant's App. at 14–15. In other words, Robert re-titled the annuity in his name in order to avoid any further negative tax consequences as a result of the annuity being titled in the name of the limited partnership. The purpose of re-titling was beneficial to the limited partnership, and, most importantly, it did not change the character of the property.

Even upon re-titling, the annuity remained partnership property.

Moreover, pursuant to the Fisher Family Limited Partnership Agreement, once the annuity became partnership property, no partner could have direct ownership of it. Specifically, Section 2.5 of the agreement states: "All property owned by the Partnership, whether real or personal, tangible or intangible, shall be deemed to be owned by the Partnership as an entity. No Partner shall have any direct ownership of any Partnership property." Appellant's App. at 11. Therefore, even when Robert re-titled the annuity in his name in order to avoid the undesirable tax consequences of titling the annuity in a limited partnership, the annuity continued to be partnership property.

In support of its assertion that the probate court correctly determined the ownership of the annuity premium refund, Robert's Estate cites Section 4.4(d) of the Fisher Family Limited Partnership Agreement. This section is entitled "Powers of the General Partners" and provides:

> The General Partner shall have the authority to exercise the powers reasonably necessary in order to pursue the Partnership's purposes including, but not limited to, the following:

> \*   \*   \*   \*   \*   \*

> d. To sell, transfer, assign, convey, lease, exchange, or otherwise dispose of any or all of the assets of the Partnership upon such terms and conditions as the General Partners deem advisable, including a deferred payment sale or an exchange for other assets of any kind.

Appellant's App. at 14–15.

Section 4.4(d) contains the limiting phrase "in order to pursue the Partnership's purposes." While we agree that re-titling the annuity would pursue the Partnership's purpose of not incurring a large

tax obligation, we cannot agree that taking the annuity (i.e., partnership property) from the partnership and turning possession of it over to a single partner pursues partnership purposes. Such an action would not only disregard the partnership's purposes, but also it would contravene several sections of the partnership agreement. For example, as we stated above, Section 2.5 states that no partner shall have any direct ownership of any partnership property. In addition, such an action is directly prohibited by Section 4.5 of the agreement entitled "Restrictions on Powers." This section provides:

No Partner, without the consent of all the other Partners, shall:

a. Do any act in contravention of this Agreement.

\*     \*     \*     \*     \*     \*

d. Possess Partnership property, or assign his or her interest or rights in specific Partnership property for other than a Partnership purpose.

Appellant's App. at 17. Robert did not have consent of all the partners to possess partnership property (i.e., the annuity) or to take partnership property as his own property.

Furthermore, Robert owed a fiduciary duty to the other partners. Indiana Code section 23–4–1–21, made applicable to limited partnerships by Indiana Code section 23–16–12–3, *supra*, provides:

(1) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

Clearly, it would be a breach of this fiduciary duty for Robert to take partnership property, re-title it in his own name, and then keep the property. In accordance with the dictates of the Fisher Family Limited Partnership Agreement and Indiana statutes, the annuity, and therefore the refund of the annuity premium, is a partnership asset.

## CONCLUSION

Based upon the foregoing, we reverse the order of the probate court and order the annuity premium refund to be deposited with the Fisher Family Limited Partnership.

Reversed and remanded with instructions.

BAKER, C.J., and RILEY, J., concur.